## IN THE MATTER OF THE PETITION OF J. B. CASTLE.

### RESERVED QUESTION FROM COURT OF LAND REGISTRATION.

ARGUED MAY 26, 1909.                    DECIDED JUNE 5, 1909.

### HARTWELL, C.J., WILDER AND PERRY, JJ.

ADVERSE POSSESSION—*land under lease—surrender.*

> Land was leased in 1891 for fifteen years, the lessees going into possession. Since 1892 the land has been in the adverse possession of a third party. In 1897 a second lease was made for twenty years to different lessees to begin during that year. It is held that the statute of limitations started to run against the landlord at least in 1897 on the theory that the first lease was surrendered.

OPINION OF THE COURT BY WILDER, J.

The petitioner made application to the court of land registration for a registered title to a piece of land in Manoa Valley, Honolulu, containing about forty-eight acres, to nine-tenths of an acre of which Helen Boyd claimed title by adverse possession.

From the undisputed facts it appears that petitioner's grantor on August 20, 1891, leased a part of the land, including that in dispute, to Ma Im and Leong Fong for fifteen years from September 1, 1891; that the tenants went into possession; that on May 17, 1897, the grantor leased the same premises to Ung Chew, Sun Tuck, Wong Hoy and Wong See for twenty years from September 1, 1897, at an annual rental of $100; that since 1892 Helen Boyd has been in the adverse possession of that part claimed by her; and that the petitioner purchased the land from the lessor in 1905. The judge rendered a decision in effect granting the petition as to all the land except that part claimed by Helen Boyd and denying it as to that part. The petitioner then contending that notwithstanding the decision he was entitled to a decree registering his title to all of the land, the judge reserved the following question for this court: Whether, notwithstanding the decision, the petitioner is entitled to a decree registering his title to all of the land?

The argument on behalf of the petitioner is that the statute of limitations could not begin to run against him until he had a right of entry and that he had no right of entry until the termination of the leases, and therefore that the statute has not even started to run yet.

The petitioner's grantor having leased the land in 1897 for a term to begin during the existence of the first lease made in 1891, it is to be inferred that in the absence of a showing to the contrary the first lease was surrendered and that on that theory the second lease was made. If in fact, as between the lessor and the lessees under the first lease, there was no surrender, that should have been shown. After the surrender of the first lease and before the granting of the second one there was a period when undoubtedly the owner of the fee had a right of entry sufficient to maintain an action to recover the land at that time in the adverse possession of a third party, and the statute of limitations, if it was not already running, then started

In re Castle, 19 Haw. 484.

to run, which was some time in 1897, so that more than ten years elapsed before the present proceedings were brought. It follows, therefore, that the petitioner is not entitled to a registered title to that part of the land claimed by Helen Boyd. It is unnecessary to say whether the statute of limitations would have started running against the landlord if there had been no surrender.

The reserved question is answered in the negative.

*C. F. Peterson* for J. B. Castle.

*J. W. Cathcart* (*F. W. Milverton* also on the brief) for Helen Boyd.